FILED

2010 May-05  AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

2010 MAY -3  P 12: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JAMES HUNTER HAMMICK and | ) | |
| CANDICE HAMMICK | ) | |
| | ) | |
| Plaintiff | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE CREDIT, INC. | ) | Civil Action No. CV-2010-901057 |
| | ) | |
| Defendant | ) | CV-10-B-1143-S |
| | ) | |

**NOTICE OF REMOVAL**

Defendant Nationwide Credit, Inc. ("Nationwide") respectfully notifies the Court

pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit

Court of Jefferson County, Alabama, to the United States District Court for the Northern

District of Alabama.  In support of its removal, Nationwide submits this notice.  Removal

is based on the grounds that the claims asserted by Plaintiffs James and Candice

Hammick are claims under federal law.

## I.    INTRODUCTION

1.    This action was commenced against Nationwide in the Circuit Court of

Jefferson County, Alabama, on March 30, 2010, as Civil Action number CV-2010-

900556.  On April 5, 2010, the Summons and Complaint were served on Nationwide's

agent.  A true and correct copy of all processes, pleadings and orders served upon

Nationwide and subsequent responsive pleadings in this action to date are attached as

Exhibit "A".

2.     Removal of this case is timely as this notice is filed within thirty (30) days after service of the Complaint on Nationwide. *See* 28 U.S.C. 1446(b).

3.     The co-defendant Nationwide Credit Services, LLC, has been dismissed from this lawsuit, so its consent is not required. *See* Exhibit "B"

## II.     JURISDICTION

4.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

5.     Nationwide denies each and every substantive allegation made by the Hammicks. Because the Hammicks purport to assert claims arising out of the laws of the United States, however, this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### A.     FEDERAL QUESTION JURISDICTION

6.     The Hammicks Complaint purports to allege violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq.  Exhibit A, Complaint ¶ 30-32. The Hammicks state that Nationwide allegedly violated the FDCPA throughout the Complaint. *See* Exhibit "A", Complaint.

7.     To the extent that the Hammicks attempt to state a claim under the FDCPA, this Court has jurisdiction under 28 U.S.C. 1331 (federal question jurisdiction). It is well recognized that actions filed in state courts that purport to state claims under the Fair Debt Collection Practices Act may be removed from state court to federal court. *See Lockhart v. Equifax*, 163 F.3d 1259 (11th Cir. 1998); *Philbin v. TransUnion Corp.*, 101 F.3d 957 (3rd Cir. 1996); *Gray v. American Express Co.*, 743 F.2d 10 (D.C. Cir. 1984).

2

### B.   SUPPLEMENTAL JURISDICTION

8.      The Hammicks also raise state law claims that should be removed along with the FDCPA claims under 28 U.S.C. § 1367.

9.      This Court has supplemental jurisdiction over the state law claims in Count II through Count IV because they are so related that they form part of the same case or controversy under Article III of the Constitution.  28 U.S.C. § 1367(a).

10.     The facts that the Hammicks allege to be the basis of her FDCPA claim are the same facts on which they base their state law claims.  *See* Exhibit A, Complaint ¶ 6-13.  Their invasion of privacy claim is simply a claim that if the FDCPA was violated then that was a per se violation of their privacy rights.  Exhibit A, Complaint ¶ 27.  Their negligent hiring claim is similarly premised on the existence of a FDCPA violation because the only potential claim for negligent hiring based on the allegations in the Complaint would be if Nationwide failed to prevent tortious conduct by its agents.  *See Voyager Ins. Companies v. Whitson*, 867 So.2d 1065, 1070-71 (Ala. 2003).  If there is no FDCPA violation, then there is no violation of state law, either.

11.     Thus, the facts alleged in the FDCPA claim are identical to, and form the same case or controversy as, the facts alleged in the three state law claims.  Therefore, this Court has supplemental jurisdiction over the claims.

### VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Jefferson County, Alabama, the forum in which the removed action was pending.

## NOTICE

13.     Concurrently with the filing of this Notice, Nationwide will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama. The contents of Exhibit "A" constitute the entire file of the action in the Circuit Court of Jefferson County, Alabama.

14.     Pursuant to Rule 7.1 of Federal Rules of Civil Procedure, Nationwide Credit Inc. files herein, and also attached as Exhibit "B", the following disclosure statement:

a. Nationwide Credit, Inc. is a wholly-owned subsidiary of Altisource Portfolio Solutions, Inc. and is not publicly trades; and

b. Altisource Portfolio Solutions, Inc. is a wholly-owned subsidiary of Altisource S.a.r.I and is not publicly traded; and

c. Altisouce Solutions S.a.r.I is a wholly-owned subsidiary of Altisource Portfolio Solutions S.A. and is not publicly traded; and

d. Altisource Portfolio Solutions S.A. is a publicly traded corporate entity, does not have a parent corporation, and no publicly held corporation owns more than 10% of its stock.

Respectfully Submitted,

MICHAEL E. BYBEE
Attorney for the Defendant
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone
(205) 252-2888 Fax
6539-N-2245

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been duly served upon the below-listed counsel by placing a copy of same in the United States Mail, properly addressed, first-class postage prepaid, or by electronic notice.

**ATTORNEY FOR PLAINTIFF**
John Griffin Watts
Watts Law Group, PC
The Kress Building
301-19th Street North
Birmingham, Alabama 35203

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>03/30/2010 |
|---|---|---|



ELECTRONICALLY FILED
3/30/2010 7:56 PM
CV-2010-901057.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### JAMES HUNTER HAMMICK ET AL v. NATIONWIDE CREDIT, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other  **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:  FDCPA

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056   3/30/2010 7:54:07 PM   /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



ELECTRONICALLY FILED
3/30/2010 7:56 PM
CV-2010-901057.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **JAMES HUNTER HAMMICK, an**<br>**Individual; CANDICE HAMMICK, an**<br>**individual,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Civil Action No.:** |
| **NATIONWIDE CREDIT, INC.,**<br>**a Corporation,** | ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for

Plaintiffs' Complaint against the Defendant state as follows:

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA[1]") and out of the invasions of Plaintiff's

personal and financial privacy by the Defendant and its agents in their illegal efforts to

collect a consumer debt from Plaintiff.

## PARTIES

2.      Plaintiff James Hunter Hammick (hereinafter "Plaintiffs") is a natural person who is a

resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.      Plaintiff Candice Hammick (hereinafter "Plaintiffs") is a natural person who is a resident of

Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Nationwide Credit, Inc., ("Defendant" or "Nationwide") is a foreign debt

collection firm that engages in the business of debt collection.  It conducts business in

---

[1] Any reference to the FDCPA includes all applicable subsections whether explicitly stated or not.

Alabama. Its principal place of business is in the State of Georgia and it is incorporated in Georgia.

## FACTUAL ALLEGATIONS

5. The Defendant attempted to collect a debt allegedly incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Supposedly, Defendant purchased or was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiffs.

7. Defendant made one or more phone calls to Plaintiffs' phone.

8. Defendant refused to give the mini-miranda and other disclosures as required when leaving voicemails in its efforts to collecting the debt.

9. Defendant contacted third parties in violation of the FDCPA.

10. Before contacting the third parties, Defendant had Plaintiffs' location information, and therefore had no reason to contact third parties concerning the alleged debt.

11. Additionally, Defendant revealed details of the debt to the third parties and/or requested the third parties to communicate with the Plaintiffs.

12. Defendant's communication with third parties caused damage to the Plaintiffs.

13. Defendant intended, planned, and schemed that the illegal acts against Plaintiffs would harm Plaintiffs and force Plaintiffs into paying the alleged debt.

14. These activities are illegal.

15. Plaintiffs never gave permission or consent to Defendant making third party disclosures.

16. Plaintiffs could not have prevented Defendant's illegal third party disclosures.

17. There was no valid reason to contact the third party or parties.

18.     Defendant had Plaintiffs' location information.

19.     Defendant's misconduct caused damage to the Plaintiffs.

20.     The Defendant's misconduct was designed to harm the Plaintiffs as Defendant acted with full knowledge of the damage this type of invasion of privacy will cause.

21.     This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

22.     This was very distressing and upsetting to the Plaintiffs.

23.     The harassing and repeated phone calls have been made within the last twelve months.

## SUMMARY

24.     All of the above-described collection communications made to Plaintiffs by Defendant and collection agents of Defendant were made in violation of the FDCPA.

25.     The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was also an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

26.     This series of abusive collection actions by Defendant and its agents caused Plaintiffs' stress and anguish as a result of these abusive calls.

27.     Defendant's attempts to collect this debt from Plaintiffs and refusal to stop violating the law is an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.

28.     Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

29.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt
collectors and is thereby responsible to the Plaintiffs for the wrongs committed against
Plaintiffs and the damages suffered by Plaintiffs.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

30.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as
though fully stated herein.

31.     The acts and omissions of Defendant and its agents constitute numerous and multiple
violations of the FDCPA with respect to the Plaintiffs, including the failure to give the
required mini-miranda warning and other disclosures.

32.     As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual
damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to
$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages;
and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from
Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

33.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully
stated herein.

-4-

34.     Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and

        Defendant violated Alabama state law as described in this Complaint.

35.     Congress explicitly recognized a consumer's inherent right to privacy in collection

        matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

        findings:

> **Abusive debt collection practices contribute** to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, and **to invasions of
> individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

36.     Congress further recognized a consumer's right to privacy in financial data in passing the

        Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

        broad range of "financial institutions" including debt collectors (albeit without a private

        right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an
> affirmative and continuing obligation to respect the privacy of its
> customers** and to protect the security and confidentiality of those
> customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

37.     Defendant and/or its agents intentionally, recklessly, and/or negligently interfered,

        physically or otherwise, with the solitude, seclusion and or private concerns or affairs of

        the Plaintiffs, namely, by and unlawfully attempting to collect a debt and thereby invaded

        Plaintiffs' privacy.

38.     Defendants also intentionally, recklessly, and/or negligently interfered, physically or

        otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs,

        namely, by making illegal contact about this debt to third parties, and thereby invaded

        Plaintiffs' right to financial privacy.

39.    Defendants and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

40.    Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

41.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

42.    As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

43.    All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

44.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

45.    Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

46.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

47.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

48.   Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

49.   It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiffs.

50.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

51.   Defendant invaded the privacy of Plaintiffs as set forth in Alabama law.

52.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

53.   As a result of this conduct, action, and inaction of Defendant, Plaintiffs have suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, negligent invasions of privacy and/or negligent state law violations in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Nationwide Credit, Inc.
c/o Corporation Process Company
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097



ELECTRONICALLY FILED
3/30/2010 7:56 PM
CV-2010-901057.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAMES HUNTER HAMMICK, an    )
Individual; CANDICE HAMMICK, an  )
individual,                         )
                                   )
        Plaintiffs,           )
                                   )
v.                              )      Civil Action No.:
                                   )
NATIONWIDE CREDIT, INC.,     )
a Corporation,              )
                                   )
        Defendant.         )

---

## PLAINTIFFS INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, REQUESTS FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF STATEMENTS TO DEFENDANT NATIONWIDE CREDIT, INC.

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiffs propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state

the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

- 4 -

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiffs request that Defendant(s) answer, under oath, the following interrogatories:**

1.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

   a.      First, last, and middle legal name;

   b.      All DBA, fake, or alias name(s) used by this person;

   c.      Job title or capacity;

   d.      Business address and telephone number;

   e.      Home address and telephone number;

   f.      Age;

2.      Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.      Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

   a.      First, last, and middle legal name;

   b.      All DBAs, fake, or alias name(s) used by this person;

   c.      Job title or capacity;

   d.      Business address and telephone number;

   e.      Home address and telephone number;

   f.      Age;

   g.      State the general substance of each person's knowledge.

4.    Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

    a.    The training content, timing, and duration;

    b.    All documents and audio or visual materials used in such training; and

    c.    Each person involved in providing such training.

5.    Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.    Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.    Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.    Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.    Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10.    Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.    Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.    Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

    a.    The name of the individual initiating communication;

    b.    The name of the person and/or description of the person to whom the communication was directed;

    c.    The date and time of the communication;

    d.    The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

    e.    A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.    Identification of all witnesses to or participants in the communication; and,

    g.    Any actions taken by any Defendant as a result of the communication.

14.     Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

15.     Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

16.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of three (3) before the date of this request to the present.

17.     Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption

- 8 -

(if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.      Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.      Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

      a.      Collection policies;

      b.      Collection procedures;

      c.      Collection methods;

      d.      Collection techniques;

      e.      Collection tactics;

      f.      Collection rules;

      g.      Collection regulations; and

      h.      Compliance with local, state, or federal laws, codes, or regulations.

3.      Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.      Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device,

or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5.      Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.      Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7.      Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.      Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.      Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

      a.      Records of all inbound or outbound telephone calls, to or from any Plaintiff;

      b.      Records of all inbound or outbound United States mail, to or from any Plaintiff.

      c.      Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10.      Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.      A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.      Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

13.      Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.      Please produce a "key" or "legend" that explains any symbol, abbreviation or code that appears on any document produced by the Defendant.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiffs demand that copies of the following be made available:**

1.      All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1.      The debt being collected is a consumer debt as defined by the FDCPA.

2.      You are a "debt collector" as defined by the FDCPA.

3.      You contacted a third party in connection with collecting the debt allegedly owed by Plaintiff to you.

4.      You revealed to a third party that one or both Plaintiffs allegedly owed you a debt.

5.      You asked a third party to give one or both Plaintiffs a message to call you.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
M. Stan Herring (HER037)
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**



ELECTRONICALLY FILED
3/30/2010 7:56 PM
CV-2010-901057.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAMES HUNTER HAMMICK, an )
Individual; CANDICE HAMMICK, an )
individual, )
            )
           Plaintiffs, )
            )
v. )         Civil Action No.:
            )
NATIONWIDE CREDIT, INC., )
a Corporation, )
            )
           Defendant. )

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF NATIONWIDE CREDIT, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:**       **Corporate Representative of Nationwide Credit, Inc.**

**DATE:**            **June 15, 2010**

**TIME:**            **9:00 a.m.**

**PLACE:**          **Watts Law Group, P.C.**
                          **The Kress Building**
                          **301 19th Street North**
                          **Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.      The Defendant's investigation into the claims made by Plaintiffs in their Complaint;

2.      The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3.      The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.      The management, supervision, and discipline of all Defendant's and its collection employees;

5.      The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.      The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.      All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.      The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9.      The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.     The phone systems of Defendant and any monitoring and recording of telephone calls;

11.     The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12.     The long distance telephone provider used to make calls relating to the herein account;

13.     The factual basis for the Defendant's Answer;

14.     The factual basis for the Defendant's defenses contained in their Answer;

-2-

15.   The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16.   The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17.   All documents produced to Plaintiff by Defendant in the course of this case;

18.   The general nature of the Defendant's businesses;

19.   The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present;

20.   The use of auto dialers, predictive dialers, and/or pre-recorded messages against Plaintiff; and

21.   All collection efforts that in any way targeted or involved Plaintiff.

### DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.   All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts (WAT056)**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring

**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2010-901057.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**JAMES HUNTER HAMMICK ET AL v. NATIONWIDE CREDIT, INC.**

**NOTICE TO**   NATIONWIDE CREDIT, INC., CO CORPORATION PROCESS CO 2180 SATELLITE BLVD #400, DULUTH, GA 30097

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   JAMES HUNTER HAMMICK
  pursuant to the Alabama Rules of the Civil Procedure

| 3/30/2010 7:56:45 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOHN GRIFFIN WATTS |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____     _____
Date                         Server's Signature

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                           ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                 4.5

1. Article Addressed to:

NATIONWIDE CREDIT, INC.
CO CORPORATION PROCESS CO
2180 SATELLITE BLVD #400
DULUTH, GA 30097

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV - 2010 - 901057 S+C

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7009 1680 0001 1716 6023

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

## DISCLOSURE STATEMENT

a. Nationwide Credit, Inc. is a wholly-owned subsidiary of Altisource Portfolio Solutions, Inc. and is not publicly traded; and

b. Altisource Portfolio Solutions, Inc. is a wholly-owned subsidiary of Altisource S.a.r.I and is not publicly traded; and

c. Altisource Solutions S.a.r.I. is a wholly-owned subsidiary of Altisource portfolio Solutions S.A. and is not publicly traded; and

d. Altisource Portfolio Solutions S.A. is a publicly traded corporate entity, does not have a parent corporation, and no publicly held corporation owns more than 10% of its stock.

## DISCLOSURE STATEMENT

a. Nationwide Credit, Inc. is a wholly-owned subsidiary of Altisource Portfolio Solutions, Inc. and is not publicly traded; and

b. Altisource Portfolio Solutions, Inc. is a wholly-owned subsidiary of Altisource S.a.r.I and is not publicly traded; and

c. Altisource Solutions S.a.r.I. is a wholly-owned subsidiary of Altisource portfolio Solutions S.A. and is not publicly traded; and

d. Altisource Portfolio Solutions S.A. is a publicly traded corporate entity, does not have a parent corporation, and no publicly held corporation owns more than 10% of its stock.